**In re DANIEL R. et al.**

**No. 97–187–Appeal.**

Supreme Court of Rhode Island.

March 17, 1999.

Frank P. Iacono, E. Greenwich, Thomas J. Corrigan, Jr., Miguel daCosta, Providence, for plaintiff.

Janice Weisfield, Paula Rosin, Providence, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on February 9, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The respondent, Elizabeth Mena (Mena), has appealed from a Family Court decree terminating her parental rights to her three children, Daniel, David, and Andrew. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

It was disclosed at oral argument that the Department of Children, Youth, and Families (DCYF) had withdrawn the termination of Mena's parental rights with respect to Daniel, who had expressed his desire to be reunited with his mother. Daniel now resides with Mena. This case, then, addresses Mena's appeal of the termination of her parental rights to David and Andrew.

This family came to the attention of DCYF in 1992, following a report that David, who was five years old at the time, sustained a black eye, which Jose Albino (Albino), father of David and Andrew, had admitted to inflicting. There were also allegations that Albino had attempted to stuff a peach into then eleven-month old Andrews mouth, almost choking him, and had thrown him against a wall. Rosemarie Paliotta (Paliotta), the DCYF social worker for the case, removed the children from the home.

Pursuant to a March 8, 1993 court order, David and Daniel were returned to Mena on the condition that no contact occur between the children and Albino. Andrew, the youngest child, has remained in foster care since that time. In April 1993, the children again were removed from their mother's custody as the result of a call from the East Providence police to DCYF. David, then six years old, had been driving a car that overturned. Albino, who was a passenger in the car, fled the scene. Seven year old Daniel told Paliotta that he had also been allowed to drive the car.

During the subsequent two years, DCYF developed case plans for the family that included parenting classes and counseling for both parents, substance abuse counseling, a domestic violence group for Albino, and a domestic violence women's group for Mena. Supervised visits with the children were arranged. In 1994, the couple was admitted into the Kent County Reunification Program (KCRP), but because KCRP had information that Mena had not consistently attended counseling and that she did not have a sufficient understanding of the issues presented, KCRP made the decision not to maintain Mena and Albino in the program. Instead, KCRP recommended that DCYF proceed with a termination of parental rights.

Albino's parental rights to Andrew and David were terminated by a default judgment entered by the Family Court in 1995, and a trial to adjudicate Mena's parental rights began in February 1996. Testimony by therapists and caseworkers described the obstacles to reunification. In a comprehensive decision, the trial justice terminated Mena's parental rights.

General Laws 1956 § 15–7–7 provides that the Family Court shall terminate parental rights if, after notice to the parent and a hearing thereon, the Court finds as a fact that:

"[t]he child has been placed in the legal custody or care of the department for children, youth, and families for at least twelve (12) months; and the parents were offered or received services to correct the situation which led to the child being

placed, and * * * that there is not a substantial probability that the child will be able to return to the parents [*sic*] care within a reasonable period of time considering the child's age and the need for a permanent home." Section 15–7–7(a)(3).

When reviewing cases involving the termination of parental rights, this Court examines the record to determine whether there is legally competent evidence to support the trial justices findings. *In re Jennifer R.*, 667 A.2d 535, 536 (R.I.1995). The findings of a trial justice sitting without a jury are entitled to great weight, and this Court will not disturb those findings unless they are clearly wrong or unless the judge overlooked or misconceived material evidence. *In re Lori D.*, 510 A.2d 421, 424 (R.I.1986).

In this case, the record clearly supports the trial justices findings set forth in a comprehensive, thirty-eight-page decision which pointed out that the children were in placement because of [d]omestic violence along with a lack of appropriate parenting skills sufficient to provide the children with a stable and nurturing environment, free from risk of harm * * *. Several witnesses testified that Mena was adamant in her desire to be with her children in a family that included Albino even though she had been repeatedly informed that, as the abuser of her children, he was an impediment to her reunification with them.

In addition to Mena's long relationship with her children's abuser, the trial justice cited Menas failure to acquire parenting skills and methods to protect her children. Testimony described numerous dangerous situations that the children encountered during their supervised visits with their mother, who did not protect their safety or control their behavior. For example, there were episodes in which the children ran toward busy streets, left the building unattended without their parents' awareness, climbed onto dangerously high walls, and engaged in driving a car. Paliotta also described several situations in which the children were endangering or hurting each other while their mother sat by without intervening. The DCYF workers testified that in spite of the parenting classes in which Mena had participated, her parenting skills did not improve, and she was unable to control her children and keep them safe. Although Mena did testify that she had ended her relationship with Albino two years prior to the trial and was living with a new boyfriend and attending school, the trial justice did not find Mena to be a credible witness, referring to Mena's history of lying to protect herself and Albino.

Once a finding of parental unfitness is made, parental rights may be terminated. *In re Kristina L.*, 520 A.2d 574, 579 (R.I. 1987). Given such a finding, the best interests of the child outweigh all other considerations. *Id.* at 580. David and Andrew have not lived with their mother for seven years and, unlike Daniel, have not expressed a desire to live with her. Andrew was removed from Mena and placed in his foster home before he was one year old. It was disclosed at oral argument that while Daniel felt bonded to his mother, David wished to be adopted by his foster family. In light of ample competent evidence presented, it is our opinion that the trial justice was not clearly wrong in finding that the best interests of David and Andrew and their need for a stable and permanent placement required the termination of Mena's parental rights.

In summary, therefore, we deny and dismiss the respondent's appeal and affirm the termination of her parental rights with respect to David and Andrew. The papers in this case may be remanded to the Family Court.